**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**VERNON LEVELLE GUY**                                                   **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 1:08cv24-RHW**

**HARRISON COUNTY**                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the plaintiff's civil rights conditions of confinement complaint filed January 22, 2008 pursuant to 42 U.S.C. § 1983. On April 16, 2008, the Court conducted a hearing pursuant to 28 U.S.C. §1915A[1] to examine the allegations contained in Plaintiff's complaint. At the hearing, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all further proceedings. Docs. [21] and [22]. After considering the complaint and hearing from the Plaintiff, the Court is of the opinion that Plaintiff has failed to state a constitutional claim.

In his original complaint [1], Plaintiff alleged his constitutional rights were violated by his having to live in an overcrowded jail, in a cell block with a roof which leaked, and having to sleep on a wet floor at the Harrison County Detention Center [the jail]. Plaintiff filed [19] an "attachment" on April 3, 2008, further alleging that the jail had unsafe locking devices and non-

---

[1] 28 U.S.C. §1915A Screening.
 (a) Screening.
  The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

functioning emergency buttons; that Plaintiff's mail had been lost, stolen or undelivered; and that the jail lacked notary and copy services for inmates. At the April 16, 2008 hearing, the Court granted Plaintiff's *ore tenus* motion to amend his complaint to include the additional allegations presented in the "attachment." *See*, 4/16/2008 Minute Entry and Text Order.

Plaintiff was incarcerated in Harrison County on December 27, 2007, to await trial on charges of aggravated assault and armed robbery. He was represented by counsel on the criminal charges, and has apparently been convicted since the hearing, as the Mississippi Department of Corrections (MDOC) website shows that Guy entered the MDOC system on July 8, 2008, and is now serving an eight year sentence for aggravated assault. When Guy first arrived at the Harrison County facility, he slept in a day room area with several other inmates for about three weeks. He was provided a mat and a "boat" in which to sleep. The temporary inconvenience or discomfort of having to sleep on a mat on the floor does not amount to a constitutional violation. See, *Johnson v. Pelker*, 891 F.2d 136, 138-139 (7th Cir. 1989). When it rained, the roof leaked about thirty feet from where Plaintiff slept. Plaintiff contends this "created a breeding ground for germs," but he testified he never had to sleep in water; the water did not splatter on him and he did not get wet when the roof leaked. Other than once having a fever blister on his lip, Plaintiff never got sick and required no medical attention.

Plaintiff also testified that from time to time during his incarceration, he has been housed in a two-man cell with two other inmates instead of just one, and that due to a jail escape, the jail was in lockdown mode in January 2008 and inmates were kept locked in their cells 23-24 hours per day. At the time of the hearing, Plaintiff had a cell to himself. Plaintiff contends the locks on cell doors were unsafe because jail officials welded some locking devices onto the main doors

coming into the jail, and attached a padlock. He also alleges that the emergency button in the day room did not work, and that prisoners had to kick the doors to get an officer to come into the room. With respect to these conditions, Plaintiff claims he was concerned that anything could have happened, although he concedes that nothing did happen. Plaintiff has shown no actual injury caused by the conditions of which he complains. An inmate cannot recover for emotional damages without a showing of specific physical injury. 42 U.S.C. § 1997e(e); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Plaintiff asserted he questioned his relatives as to why they had not written to him, and that based upon their response that they had written him, but the mail was returned to them, Plaintiff has concluded that his mail has been lost or stolen. A mere belief that personal mail is being mishandled is insufficient to state a constitutional claim and simple negligence in mail-handling would not amount to a constitutional deprivation. Plaintiff has asserted no prejudice to him as a litigant from the alleged mishandling of his mail, nor has he presented anything to show that jail officials intentionally acted to deprive him of mail. *See*, *Whiting v. Kelly*, 255 F. Appx. 896, 898-99 (5th Cir. 2007), 2007 WL 4180592 (upholding dismissal, as frivolous, plaintiffs' claims of mail tampering which "suggested no more than a mere personal belief of ... mail tampering"), citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Finally, Plaintiff complains that he needed copies of papers in his criminal case to send to his family, and that he was unable to get a motion for suppression of evidence in his criminal case notarized. Plaintiff admitted in open court that he had no evidence that the lack of notary services prevented him from filing anything. The unavailability of copies for his family or of a unnecessary notary services do not constitute Constitutional violations.

3

The Court finds Plaintiff's allegations of unconstitutional conditions of confinement fail to state a claim and are frivolous. The Constitution does not require that prisoners be provided a comfortable jail. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The Eighth Amendment prohibition against cruel and unusual punishment requires simply that prisoners be afforded humane conditions of confinement, receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). To establish an Eight Amendment violation due to conditions of confinement, an inmate must show (1) that prison officials deprived him of the "the minimal civilized measure of life's necessities;" and (2) that the prison officials acted out of deliberate indifference to the inmate's health or safety. *Id*. To establish deliberate indifference, the inmate must show prison officials were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn, and that the officials actually drew an inference that such potential for harm existed. Plaintiff has made no such showing as to either of these essential elements. It is therefore,

**ORDERED AND ADJUDGED** that Plaintiff's lawsuit against Harrison County should be dismissed with prejudice for failure to state a claim upon which relief may be granted, and that this dismissal constitutes a strike under 28 U.S.C. § 1915(g). Plaintiff is cautioned that if he receives three strikes, he will be barred from bringing a civil action or appealing a judgment in a civil action under § 1915, unless Plaintiff is under imminent danger of serious physical injury.

SO ORDERED, this the 8th day of December, 2008.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE